IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DANIEL SPRESTER** | § | |
| | § | |
| **V.** | § | A-14-CV-00955-LY |
| | § | |
| **BARTHOLOW RENTAL CO. and** | § | |
| **LAWRENCE SOWARDS.** | § | |

## ORDER

Before the Court are Plaintiff's Motion to (1) Strike the Supplemental Report of Dr. Gordon White and (2) Exclude the Opinions of an Unidentified Neuroradiologist (Dkt. No. 35); Sprester's Motion for Leave to File the Designation of Dr. Robert Josey as an Expert Witness If Leave Is Required (Dkt. No. 36); and Plaintiff's Motion to Quash Defendants' Subpoenas and Deposition on Written Questions Directed to HMR Funding LLC (Dkt. No. 40); as well as the associated responses and replies.

This is a diversity case arising from a motor vehicle collision that occurred on October 22, 2012, in Bastrop County, Texas. Plaintiff Daniel Sprester ("Sprester") was driving a Ford F150 on IH 130 in the northbound lane following behind a slow-moving piece of farm equipment when he was struck by Defendant Lawrence Sowards ("Sowards") who was driving a truck and trailer in the course and scope of his employment for Defendant Bartholow Rental Co. ("Bartholow").

**1.    Plaintiff's Motion Regarding the Supplemental Report of Dr. Gordon White**

Sprester moves the Court to strike the December 1, 2015, Supplemental Expert Report of Dr. Gordon White. Sprester complains that the supplemental report purports to contain the opinions of Dr. Gordon White; but instead, plainly relies on the opinions and conclusions of an unidentified and undisclosed neuroradiologist with whom Dr. White reviewed MRI images of Sprester's spine. Specifically, Sprester complains about a portion of the report where Dr. White states "On 10/21/15,

I had the opportunity of personally reviewing the MRI scan of the cervical spine without contrast of David Sprester performed on 9/17/15.  More recently, I reviewed these Images with a neuroradiologist. There was evidence of mild straightening of the cervical spine on sagittal; projections . . . " (Dkt. No. 35, Ex. 2).  White states that the findings of the MRI scan are consistent with cervical spondylosis, representing preexisting disease of the cervical spine. Sprester complains that the report fails to give the information necessary to designate a "mystery radiologist" as a qualified expert as required by Rule 26(2) and that there is no basis from which to determine whether his opinions are reliable pursuant to Federal Rule of Evidence 702.  Additionally, Sprester argues that Defendants have failed to establish that Dr. Gordon White is qualified to render the opinions expressed, since he relied upon a neuroradiologist.  Sprester argues that all the opinions and conclusions contained in the Supplemental Report are drawn from MRI images and are radiological in nature, and therefore the report must contain the opinions of this unknown radiologist.

Defendants respond that Dr. White's November 30, 2015, report is merely a report from a previously-designated expert that comments on an MRI film that the expert did not have an opportunity to address in his original report because of delayed receipt of the MRI films. Additionally, Defendants argue that Dr. White's consultation with a neuroradiologist is within his purview as an expert witness and an allowable extension of his ability to opine on matters within his field of expertise.

Dr. White's supplemental report is proper.  He is a neurological surgeon. In his prior report he reviewed Sprester's MRI images as part of the relevant medical records.  In his supplemental report, Dr. White merely states that he reviewed the additional MRI records in the presence of a neuroradiologist.  He does not in any way state the opinion of this "mystery" doctor, nor does Dr. White state that he relied upon that doctor's opinion in reaching his own opinion.  Therefore, there

is no additional doctor's opinion to exclude. Additionally, Sprester has failed to establish that Dr. White, as a neurological surgeon, is not qualified to render a supplemental opinion based on the MRI of Sprester's spine, when he performed a similar analysis in his prior report. Plaintiff's Motion to (1) Strike the Supplemental Report of Dr. Gordon White and (2) Exclude the Opinions of an Unidentified Neuroradiologist (Dkt. No. 35) is **DENIED**.

**2.     Motion Regarding Dr. Robert Josey**

Next before the Court is Sprester's Motion for Leave to File the Designation of Dr. Robert Josey as an Expert Witness If Leave Is Required (Dkt. No. 36). Sprester moves to designate Dr. Robert Josey of Orthopaedic Specialists of Austin as a non-retained treating physician who evaluated Sprester on December 4, 2015, as to his need for surgery. Sprester asserts this designation is timely because the parties agreed to extend the expert deadlines. Alternatively, Sprester moves to designate Dr. Josey out of time. Defendants respond that they oppose Sprester's designation of Dr. Josey because it is after the Court's September 16, 2015, deadline to designate expert witnesses, and Sprester has failed to show good cause for a failure to designate Dr. Josey previously. Defendants assert they will be prejudiced by this late designation of Dr. Josey.

The parties dispute whether or not they entered into an agreement to extend the discovery deadlines in this case. However, the Court need not determine whether the parties agreed to extend certain discovery deadlines. Trial is set in June of 2016. Sprester has good cause for not designating Dr. Josey earlier because Dr. Josey did not evaluate Sprester until December of 2015, and Defendants will not be prejudiced by the addition of Dr. Josey as a witness. Accordingly, Sprester's Motion for Leave to File the Designation of Dr. Robert Josey as an Expert Witness If Leave Is Required (Dkt. No. 36) is **GRANTED**.

### 3.     Motion to Quash Regarding HMR Funding LLC

Lastly, before the Court is Plaintiff's Motion to Quash Defendants' Subpoenas and Deposition on Written Questions Directed to HMR Funding LLC (Dkt. No. 40). Sprester moves to quash the subpoenas and depositions on written questions served on two offices of HMR Funding, LLC, dated December 14, 2015, as outside the discovery deadline.  Sprester points out that Defendants represented to the Court in various pleadings that the parties did not enter into an agreement to extend any deadlines, and that the discovery deadline in this case was November 13, 2015. Sprester asserts that Defendants must, according to Defendants' own assertions about the discovery deadlines, seek leave of court to propound this discovery, which they have failed to do.

Defendants respond that the subpoena and deposition on written question in issue is necessary to respond to the assertion in an appendix to Dr. Josey's report that "Mr. Sprester does not have insurance or enough money to pay for surgery." (Dkt. No. 36). Defendants maintain that Sprester is receiving insurance payments and plan benefits from HMR Funding, LLC, and they will be prejudiced by the denial of this discovery.  Thus, despite the inconsistency in Defendants asserting that discovery is closed while at the same time propounding discovery, Plaintiff's Motion to Quash Defendants' Subpoenas and Deposition on Written Questions Directed to HMR Funding LLC (Dkt. No. 40) is **DENIED.**

SIGNED this 18th day of February, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE