**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANIEL SPRESTER,** | § | |
| | § | |
| **V.** | § | **A-14-CV-00955-LY** |
| | § | |
| **BARTHOLOW RENTAL CO. and** | § | |
| **LAWRENCE SOWARDS.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Motion to Strike Defendants' "Ninth Defense" or in the Alternative, Motion for Partial Summary Judgment (Dkt. No. 32); Defendants' Response (Dkt. No. 34); and Plaintiff's Reply (Dkt. No. 37). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I. Background

This is a diversity case arising from a motor vehicle collision that occurred on October 22, 2012, in Bastrop County, Texas. Plaintiff Daniel Sprester was driving a Ford F150 on State Highway 130 in the northbound lane following behind a slow moving piece of farm equipment when he was struck by Lawrence Sowards, who was driving a truck and trailer in the course and scope of his employment for Bartholow Rental Co. Sprester sued Batholow and Sowards in Travis County District Court on September 19, 2014, and they removed the case to federal court on October 22, 2014. Plaintiff filed an Amended Complaint on March 2, 2015. (Dkt. No. 10). Defendants filed their First Amended Answer on March 4, 2015. (Dkt. No. 11).

## II.  Analysis

On November 19, 2015, Defendants filed a Second Amended Answer to Plaintiff's Amended Complaint.  In the motion before the Court, Sprester seeks to strike the Ninth Defense pled in that document, which states:

> Plaintiff failed to mitigate damages. Defendants would show that they are not liable for any condition resulting from the failure, if any, of Plaintiff, to act as a person or persons of ordinary prudence would have acted under the same or similar circumstances in caring for and treating Plaintiff's injuries, if any, that resulted from the occurrence in question. Plaintiff's failure to mitigate damages includes, but is not limited to: his failure to seek healthcare treatment reasonably related to the occurrence in question under his workers' compensation claim with Texas Mutual Insurance Company and failure to enjoy lifetime medical benefits and contractual insurance company reductions available under that claim (See generally Texas Labor Code §408.021); his failure to submit the healthcare expenses he claims are reasonably related to the subject occurrence to a healthcare insurance company and failure to enjoy contractual insurance company reductions available through insurance; and, if applicable, failure to have healthcare insurance and failure to enroll for healthcare insurance as required by law (See Patient Protection and Affordable Care Act, "PPACA" or "Obamacare," 26 U.S.C. §5000A).

Dkt. No. 28 at 5.  Sprester asks the Court to strike the defense pursuant to Rule 12(f), or in the alternative to grant partial summary judgment on the defense pursuant to Rule 56.   Under Rule 12(f), a district court has the discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  Under Rule 56, summary judgment is proper when "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

Sprester argues that Defendants' Ninth Defense, "characterized by Defendants as 'failure to mitigate,' has been expressly rejected by the Fifth Circuit, is without merit as a matter of law, and

is directly contrary to Texas' well-settled 'collateral source rule.'" Dkt. No. 32 at 3. Sprester cites a number of cases in support of his motion.[1]

Defendants respond that they should be allowed to present evidence to the jury that Sprester failed to submit his healthcare expenses to a healthcare insurance company, and failed to contract for available insurance benefits, specifically those available under the Affordable Care Act. Additionally, Defendants point out that the cases relied upon by Sprester are not cases in which the courts struck a pleading or granted summary judgment; but rather, rather all of them concerned the admissibility of evidence at trial.

### A.  Mitigation of Damages Generally

The mitigation of damages doctrine requires an injured party to "exercise reasonable care to minimize its damages if damages can be avoided with only slight expense and reasonable effort." *Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 708 (Tex. App. – Fort Worth 2006, pet. denied). As noted by the Texas Supreme Court, an injured person's failure to care for and treat his injuries as a reasonably prudent person would under the same or similar circumstances is admissible at trial. *Moulton v. Alamo Ambulance Serv., Inc.*, 414 S.W.2d 444, 449 (Tex.1967). A portion of the Ninth Defense states that:

> Defendants would show that they are not liable for any condition resulting from the failure, if any, of Plaintiff, to act as a person or persons of ordinary prudence would

---

[1] The cases he cites include: *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011); *Guzman v. Jones*, 804 F.3d 707, 711 (5th Cir. 2015); *Katy Springs & Mfg., Inc. v. Favalora*, 2015 WL 5093232 (Tex .App. – Houston [14th Dist.] Aug. 27, 2015, no. pet. h.); *Big Bird Tree Service v. Gallegos*, 365 S.W.3d 173 (Tex. App. – Dallas 2012, pet. denied), *Metropolitan Transit Authority v. McChristian*, 449 S.W.3d 846 (Tex. App. – Houston [14th Dist.] 2014, no pet.); *Hall v. Birchfield*, 718 S.W.2d 313, 338 (Tes. App. – Texarkana, 1986) rev'd on other grounds, 747 S.W.2d 361 (Tex. 1987); *City of Fort Worth v. Barlow*, 313S.W.2d 906, 911-912 (Tex. Civ. App. – Fort Worth 1958, writ ref'd n.r.e.).

have acted under the same or similar circumstances in caring for and treating Plaintiff's injuries, if any, that resulted from the occurrence in question.

Under Texas law this portion of the pleading raises a permissible defense, and should not be stricken.

### B. Damages Available in Texas for Medical Expenses

Sprester argues that under Texas law he is entitled to recover medical expenses he "actually incurred" and that Defendants' Ninth Defense addressing his failure to obtain insurance coverage should therefore stricken. While the Court agrees with Plaintiff on his general statement of the law, the Court disagrees that this necessitates striking Defendants' Ninth Defense.

Section 41.0105 of the Texas Civil Practices and Remedies Code, provides that, in addition to any other limitation under law, recovery of medical or health care expenses in a personal injury suit is limited to the amount actually paid or incurred by or on behalf of the claimant. In *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011), the Texas Supreme Court stated that Section 41.0105 limits a plaintiff's recovery of medical expenses to actual costs paid, not the "list price" posted on a medical provider's bills. In other words, only evidence of expenses actually paid or incurred by the claimant can be presented to a jury.

In *Guzman v. Jones*, 804 F.3d 707, 711 (5th Cir. 2015), the Fifth Circuit addressed the issue of whether an uninsured plaintiff who may have been eligible for insurance benefits but did not have insurance at the time of his injury or treatment is barred from presenting evidence of the list prices he was charged by the hospital for the services rendered to him, because he would have incurred lower costs had he obtained insurance. The court found that "reduced prices that he may have received had he participated in health benefits or insurance programs for which he may have been eligible are irrelevant according to Texas law." *Id.* Thus, the court held that the list prices Guzman was actually billed—and was obligated to pay—were properly admitted before the jury.

Defendants' Ninth Defense seems to suggest that Sprester in fact had workers' compensation insurance available to him under his employers' Texas Mutual Insurance Company policy, and failed to avail himself of the insurance when he obtained medical care, and also that Sprester failed to obtain insurance under the Affordable Care Act, all of which would have reduced the costs of his medical care. While, for the reasons just discussed, evidence of what Sprester's medical costs would have been had he obtained or used insurance is inadmissible at trial, that is an evidentiary issue that the Court need not address at this time, and is better addressed when—and only if—Defendants actually attempt to offer that evidence.

**C. The Collateral Source Rule**

Lastly, with regard to that portion of the Ninth Defense contending that Sprester failed to acquire insurance benefits and failed to submit medical costs to a workers' compensation insurer, Sprester argues that the defense should be stricken pursuant to Texas' collateral source rule.

> The collateral source rule has applied in Texas since 1883. Under the common law, a tortfeasor was not entitled to a liability offset for proceeds procured as a result of the injured party's independently bargained-for agreement with an insurance company or other source of benefits. The rule was predicated on the notion that a tortfeasor should not benefit from an agreement to which the tortfeasor is not privy. The collateral source rule has been applied to all manner of benefits, including payments received under a worker's compensation policy, income received as part of veterans' benefits, and Social Security disability payments. As a rule of evidence, the collateral source rule has excluded such things as evidence of payments and downward adjustments in accordance with Medicare guidelines.

*Haygood*, 356 S.W.3d at 401 (Lehrmann, J., dissenting) (citations omitted). While Sprester is correct that evidence of a collateral source would be inadmissible at trial, it has no relevance at this time to the Ninth Defense. That rule applies to the admissibility of evidence of collateral benefits a plaintiff actually received, and it appears that everyone agrees that though Sprester perhaps could

5

have received collateral benefits, he did *not*. The collateral source rule says nothing about that situation (though the Fifth Circuit has said the failure to obtain available insurance does not bar a plaintiff from seeking the full "list price" for medical services, as just discussed above, *see Guzman*, 804 F.3d at 711).

### III. Conclusion

While several of the issues Sprester brings before the Court appear to raise valid questions of admissibility of evidence, they do not necessitate striking the Ninth Defense. Questions regarding the admissibility of evidence should be made by the trial judge once he is informed of the facts and presented with the evidence, and not as part of a motion to strike a defense.

### IV. Recommendation

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Strike Defendants' "Ninth Defense" or in the Alternative, Motion for Partial Summary Judgment (Dkt. No. 32)

### V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of February, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE